**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 93-8290
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STERLING TYRONE ADAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-02-CR-223-01)

_____

August 12, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges

PER CURIAM:[1]

After we affirmed Adams' conviction on a drug trafficking and related weapons

offense, the Supreme Court decided Bailey v. United States, 116 S.Ct. 501 (1995). Adams'

case is before us on remand for reconsideration in light of Bailey.

Adams was convicted of violating 18 U.S.C. § 924(c)(1) which imposes penalties

on any defendant who, "during and in relation to any crime of violence or drug trafficking

crime . . . uses or carries a firearm." In Bailey, the Supreme Court determined that in order

to sustain a conviction under the "use" prong of 18 U.S.C. §924(c)(1), the government

must present evidence sufficient to show that the defendant actively employed the firearm.

However, the Court in Bailey expressly declined to decide what the government must show

_____

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

to sustain a conviction on the "carrying" prong of §924(c)(1) and remanded that question to the District of Columbia Circuit Court of Appeals.

Our holding that Adams was properly convicted under the "use" prong conflicts with the rule announced by the Supreme Court in <u>Bailey</u> because Adams did not actively employ his firearm in his drug trafficking crime. However, our opinion also found sufficient evidence to convict Adams under the "carrying" prong of §924(c)(1). We concluded that:

> Adams' operation of the van with knowledge that the gun was in the van establishes the carrying requirement. <u>United States v. Speer</u>, 30 F.3d 605, 612 (5th Cir.), <u>cert. denied</u>, 115 S. Ct. 768 (1994). The gun was located on the floor of the van under the driver's seat, next to the bag of cocaine. Proof of the presence of the weapon under the driver's seat where Adams had just been sitting while driving to the location of the planned drug transaction is sufficient to meet the Government's burden.

We concluded in <u>United States v. Fike</u>, 82 F.3d 1315 (5th Cir. 1996) that a defendant engaged in a drug transaction who is knowingly transporting a firearm under the seat in a vehicle may be convicted under the "carrying" prong of §924(c)(1). <u>See also</u>, <u>United States v. Pineda-Ortuno</u>, 952 F.2d 98, 104 (5th Cir.) <u>cert. denied</u>, 504 U.S. 928 (1992) (carrying requirement met "if the operator of the vehicle knowingly possesses the firearm in the vehicle during and in relation to a drug trafficking crime"); <u>United States v. Rivas</u>, 1996 WL 284972 (5th Cir. May 30, 1996)(guilty plea on carrying sufficiently supported by evidence that pistol was underneath seat of car).

Thus, <u>Bailey</u> does not undermine our determination that the evidence was sufficient to support Adams' conviction for carrying a firearm during and in relation to a drug trafficking crime in violation of §924(c)(1).[2] Nevertheless, we must reverse and remand

---

[2] Adams' other claims on appeal are denied for the reasons given in our original opinion.

2

this case because we cannot be sure that the jury based its guilty verdict on the "carrying" prong rather than the "liberal, pre-<u>Bailey</u> instructions on what constituted 'use' of a firearm." <u>Fike</u>, 82 F.3d at 1328. Adams' conviction and sentence are, therefore, REVERSED and REMANDED for a new trial on the "carrying" theory only.

REVERSED and REMANDED.